# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2389

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Appellee, | * | District Court for the Southern |
| | * | District of Iowa. |
| vs. | * | |
| | * | [UNPUBLISHED] |
| Brian J. Tigner, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 11, 2001
Filed: January 16, 2002

_____

Before, McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.

_____

PER CURIAM.

Brian J. Tigner pleaded guilty to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. He appeals the extent of the district court's[2]

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

downward departure.[3]  We affirm.

The district court classified Tigner's initial base offense level at 26.  He was given a three-level reduction for his acceptance of responsibility which resulted in an offense level of 23.  Counsel for the government and the defense had reached a stipulation as to this offense level.  Tigner, however, did object to the district court's determination of a criminal history category VI.

The district court found that the criminal history category VI was applicable, which resulted in a sentence range of 92 to 115 months.  The court sentenced Tigner to 115 months, the top of the sentencing range, but then departed downward to 100 months upon the government's § 5K1.1 motion.  Tigner was also credited with 38 months already served on related conduct which resulted in a 62-month sentence remaining to be served.

We do not review the extent of a district court's downward departure regardless of the court's reasons for not departing further.  United States v. McCarthy, 97 F.3d 1562, 1577 (8th Cir. 1996) (citations omitted). It should be noted that Tigner does not allege that the district court refused to depart further for an unconstitutional reason or that the court acted in bad faith.  See id. (citing United States v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995) (holding once the district court has a valid reason for departing, the court may use any factor to determine the extent of the departure; the resulting sentence is unreviewable unless it is in violation of federal constitutional or statutory law).  Hence, "[a]ll the statute and the Guidelines require is that the reasons for the departure be stated."  Id. (citations omitted).

Although the district court did not provide reasons for the departure which are

---

[3]Tigner initially sought appeal of a two-point enhancement he received under U.S.S.G. § 4A1.1(d), but he has withdrawn this issue.

identical to the factors listed in § 5K1.1, we find that it did appropriately follow the rationale of the section. The district court did state the reason for its departure. Consequently, the extent of the departure is not reviewable. Id. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.